UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CROFT,

        Petitioner,

v.

CATHERINE BAUMAN,

        Respondent.

                            /

Case No. 2:19-cv-12086

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS [1], DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

On July 15, 2019, Petitioner Anthony Croft filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). ECF 1. On July 19, 2019, the Court granted Petitioner's application to proceed IFP. ECF 4. Petitioner challenges his conviction for first degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520B. ECF 1. He alleges that the trial court violated his Sixth and Fourteenth Amendment rights by (1) erroneously scoring his OV1 (Michigan offense variable one) at five points even though no weapon was "displayed or implied," and (2) erroneously scoring his OV3 (Michigan offense variable three) at ten points even though no bodily injury requiring medical treatment occurred. *Id.* at 10–11.

**BACKGROUND**

On August 30, 3017, Defendant was convicted of first degree criminal sexual conduct in the Wayne County Circuit Court. *Id.* at 1. On September 17, 2017, he was

1

sentenced to sixteen to thirty years' imprisonment. *Id.* The Michigan Court of Appeals and Michigan Supreme Court each denied him leave to appeal. *Id.* at 2. Petitioner then filed his petition for a writ of habeas corpus.

## STANDARD OF REVIEW

The Court cannot grant an application for a writ of habeas corpus on a claim "that was adjudicated on the merits" in a state court "unless" the state court proceeding resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" in state court. 28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A petition should be denied if it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254, Rule 4). "The rules governing § 2254 cases provide that the court shall promptly examine a petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rules Governing § 2255, Rule 4). After conducting this initial inquiry, "[i]f the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." *Id.* (citing *McFarland*, 512 U.S. at 856). Federal courts therefore have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face" including a petition that is "frivolous, or obviously lacking in merit[.]" *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

3

## DISCUSSION

Here, upon conducting the required screening, the Court concludes that the petition must be summarily denied.

Petitioner argues that the trial court violated his Sixth and Fourteenth Amendment rights because the "scoring factors [were not] adjudicated by a jury and proven beyond a reasonable doubt." ECF 1, PgID 11–12. To the extent that Petitioner also challenges whether the state court correctly applied the Michigan sentencing guidelines, Petitioner's "challenge[] to the trial court's application of Michigan's sentencing guidelines . . . raises issues of state law not cognizable on habeas review." *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Misapplications of state sentencing guidelines are "errors of state law" for which "habeas corpus relief does not lie." *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

And Petitioner's argument regarding the trial court's consideration of scoring factors that were not found beyond a reasonable doubt by a jury is likewise unavailing. After *People v. Lockridge*, 498 Mich. 358 (2015), made the Michigan sentencing guidelines advisory rather than mandatory, a Michigan trial court's imposition of a sentence is "an exercise of the court's discretion" regardless of how the trial court may have been "guided by the sentencing guidelines." *Holder v. Jackson*, No. 1:17-cv-408, 2017 WL 3205762 at *4 (W.D. Mich. July 28, 2017). And "[t]he facts found to support the exercise of that discretion do not 'increase the penalty for the crime beyond the prescribed statutory maximum,' or 'increase the mandatory

4

minimum.'" *Id.* (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Alleyne v. United States*, 570 U.S. 99, 103 (2013)). And Petitioner was sentenced more than two years after the Michigan Supreme Court decided *Lockridge*. The trial court's fact-finding regarding Plaintiff's offense variable levels is therefore not "contrary to, or an unreasonable application of, clearly established federal law." *Id.* Plaintiff's petition is deficient on its face and the Court will deny it.

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED** because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: July 31, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2019, by electronic and/or ordinary mail.

>s/ David P. Parker
>Case Manager